IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA MARIE MANNING,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   ) Civil Action No. 12-1778
CAROLYN W. COLVIN,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of March, 2014, upon consideration of plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on February 24, 2009, alleging disability beginning October 1, 2008, due to depression, anxiety and addiction. Plaintiff's applications were denied. An ALJ held a hearing on June 14, 2011, at which plaintiff, who was represented by counsel, appeared and testified. On July 25, 2011, the ALJ issued a decision finding that plaintiff is not eligible for DIB and SSI benefits because her substance abuse is a contributing factor material to the issue of disability. On October 11, 2012, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 25 years old on her alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a nursing assistant, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of personality disorder, post-traumatic stress disorder and opiate dependence in remission, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ determined that with continued substance abuse, plaintiff had the residual functional capacity to perform work at all exertional levels, but she would be off task more than 15% of the work day and/or unable to maintain regular attendance and was likely to miss two or more days per months due to exacerbated symptoms caused by the abuse of drugs such as heroin.

However, the ALJ also found that absent substance abuse, plaintiff had the residual functional capacity to perform work at all exertional levels with the following non-exertional limitations: a limitation to simple, routine, repetitive tasks that involve short, simple work-related decisions; a restriction to little or no changes in the routine work setting; and a limitation to only occasional contact with the general public, co-workers and supervisors (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual

AO 72
(Rev. 8/82)

functional capacity do not permit her to perform her past relevant work. However, the vocational expert testified that absent substance abuse, plaintiff's vocational factors and residual functional capacity would enable her to perform other work that exists in significant numbers in the national economy, such as a machine feeder, machine presser and hand packer. Based on that testimony, the ALJ determined plaintiff would not be disabled if she stopped her substance abuse, thus making her ineligible for benefits under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B). The Act also provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the

AO 72
(Rev. 8/82)

claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

However, if a claimant is found disabled and there is medical evidence of alcoholism or drug addiction, the regulations require the ALJ to determine whether the claimant's alcoholism or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §§404.1535(a), 416.935(a). The process for making that determination is explained in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

> mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §§404.1535(b)(1)-(2), 416.935(b)(1)-(2).

If the ALJ concludes based on the foregoing process that the claimant's remaining limitations would not be disabling, then he will find that substance addiction is a contributing factor material to the determination of disability, and the claimant will be ineligible for benefits. 20 C.F.R. §§404.1535(b)(2)(i), 416.935(b)(2)(i). Conversely, if the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of her substance addiction, and the ALJ will find that the claimant's substance addiction is not a contributing factor material to the determination of disability. 20 C.F.R. §§404.1535(b)(2)(ii), 416.935(b)(2)(ii).

In this case, the ALJ determined that plaintiff's impairments, when including her substance abuse, resulted in a residual functional capacity that would not allow her to maintain gainful employment. However, absent substance abuse, the ALJ determined that the functional limitations which result from plaintiff's remaining severe impairments do not preclude her from performing work that exists in the national economy. Accordingly, the ALJ concluded that plaintiff's substance abuse is a contributing factor material to the determination of disability and therefore found her to be ineligible for benefits.

On appeal here, plaintiff contends the ALJ erred in finding

substance abuse material to the disability determination because, in making that finding, the ALJ erroneously gave no weight to the opinion of Dr. Dennis Wayne, who was her treating psychiatrist. Plaintiff also argues that the ALJ's RFC Finding is not supported by substantial evidence because he failed to account for certain limitations identified by the consultative examiner. Finally, plaintiff claims that the ALJ's hypothetical question to the vocational expert was inadequate because it did not account for all of her limitations. For reasons explained below, we find that each of these arguments is without merit.

First, in finding that substance abuse is a contributing factor material to the disability determination in this case, the ALJ properly rejected Dr. Wayne's opinion of plaintiff's functional capabilities. Dr. Wayne completed a form entitled "Mental Residual Functional Capacity Questionnaire" on which he rated plaintiff as being seriously limited, unable to meet competitive standards or having no useful ability to function in every work-related category he was asked to assess. (R. 379-80). Dr. Wayne also checked a box to indicate that there would not be any significant improvement in plaintiff's mental functioning if she stopped using drugs. (R. 381). The ALJ determined that Dr. Wayne's opinion was not entitled to any weight because the form report was completely contrary to his own treatment notes. (R. 18).

We conclude that the ALJ properly rejected Dr. Wayne's extremely restrictive assessment of plaintiff's mental functional

capabilities as indicated on the form report because that assessment is contradicted by his own treatment notes. See 20 C.F.R. §§404.1527(c)(2); 416.927(c)(2) (a treating physician's opinion only is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record). Dr. Wayne's treatment notes repeatedly indicated that plaintiff's mental status examination was within normal limits, described her mental status as stable and noted that her symptoms improved with medication. (R. 351, 353, 369, 391). Dr. Wayne's treatment notes do not contain information to support the restrictive mental work-related limitations that he subsequently attributed to plaintiff on the form report. For these reasons, the ALJ properly determined that Dr. Wayne's opinion of plaintiff's mental functional capabilities was not entitled to any weight.[2]

Plaintiff next argues that the ALJ's RFC Finding is not supported by substantial evidence because he did not adequately

---

[2] Plaintiff also critiques the ALJ's evaluation of Dr. Wayne's opinion by contending the ALJ improperly relied on his own lay assessment that it was inappropriate for Dr. Wayne to prescribe Klonopin for plaintiff. Contrary to plaintiff's contention, the ALJ's decision specifically states that he rejected Dr. Wayne's opinion set forth on the form report because it was "completely contrary to the actual treatment notes he supplied." (R. 18). The ALJ simply noted he was "perplexed" that Dr. Wayne continued to prescribe Klonopin for plaintiff considering her history of drug dependence and the fact that the doctor's treatment notes suggested she was preoccupied with obtaining the drug. (R. 18). The ALJ's decision makes clear that he did not evaluate and ultimately reject Dr. Wayne's opinion based on his own lay assessment, but rather because the opinion was inconsistent with the doctor's treatment notes.

account for certain limitations identified by Dr. James Hepburn, who performed a mental consultative examination. According to plaintiff, despite giving Dr. Hepburn's opinion greater weight, (R. 18), the ALJ did not account for Dr. Hepburn's assessment that she had a marked limitation[3] in both her ability to respond appropriately to work pressures in a usual work setting and to respond appropriately to changes in a routine work setting.[4] (R. 328).

Contrary to plaintiff's assertion, the ALJ accounted for her limitations in these areas by including in the RFC Finding a restriction to little or no changes in the routine work setting, as well as a limitation to simple, routine and repetitive tasks that involve short, simple work-related decisions. (R. 18). Accordingly, the ALJ's RFC Finding incorporated the limitations identified by Dr. Hepburn, and therefore is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not adequately account for all of the work-related limitations caused by her impairments. An ALJ's hypothetical to a vocational expert must reflect all of the

---

[3] The Medical Source Statement form completed by Dr. Hepburn defined "marked" as "[t]here is a serious limitation in this area. The ability to function is severely limited but not precluded." (R. 327).

[4] Dr. Hepburn otherwise found that plaintiff had either no, slight or moderate limitation in her ability to perform the other mental work-related activities he was asked to assess. (R. 328). Dr. Hepburn noted that "drug addiction is a primary cause of limitations listed [and] ... [i]f abstinent for over a year, [plaintiff] would likely develop more functional and socially appropriate coping skills to manage her anxiety and stress." (R. 329).

claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that, absent substance abuse, plaintiff can perform other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Jaya A. Shurtliff, Esq.
Stanley Law Offices
215 Burnet Ave.
Syracuse, NY 13203

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219